LABOR COMMISSIONER OF THE STATE OF NEVADA, APPELLANT, *v.* MAPES HOTEL CORPORATION, RESPONDENT.

No. 7021

January 15, 1973                    505 P.2d 288

[Rehearing denied April 5, 1973]

*Robert List,* Attorney General, and *Julian Smith,* Deputy Attorney General, Carson City, and *Wilbur H. Sprinkel,* Special Counsel, of Reno, for Appellant.

*Hale and Belford* and *Gary R. Silverman,* of Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

As assignee of two hotel bellmen, pursuant to NRS 607.170, the appellant Labor Commissioner sued respondent to recover

the balance of wages allegedly earned at $1.60 per hour, penalties, and attorneys' fees. Respondent filed a "motion to quash" service of process for "lack of jurisdiction over the subject matter," which the district court granted upon ascertaining that the assignor-bellmen's duties were sufficiently related to interstate commerce to come within the purview of the federal Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201–219, herein called "*FLSA*"). This appeal follows.

For certain affected employees, which the parties agree include the assignor-bellmen, the *FLSA* currently requires minimum wages of $1.60 per hour. § 206(b). However, the *FLSA* also affords an employer a limited and qualified right to claim credit against this hourly minimum, if an employee "customarily and regularly receives more than $20 a month in tips." § 203(m)(t). Hence, because the assignor-bellmen received tips, respondent paid them less than $1.60 per hour. That practice precipitated the instant action, which the district court evidently believed was outside its jurisdiction because the parties' rights are governed purely by the *FLSA*.

Although we agree the assignor-bellmen's rights in this case are controlled by the *FLSA,* and not by NRS 608.160(1)(b) as appellant suggests, we do not agree that Nevada courts lack jurisdiction to enforce rights under the *FLSA*. Furthermore, appellant's complaint may be read to allege claims based on contract. Accordingly, we reverse.

1.  Appellant contends respondent's right to credit for tips, granted by the *FLSA,* has been divested by NRS 608.160(1)(b) which forbids an employer to "[a]pply as a credit toward the payment of the *statutory minimum hourly wage* any tips or gratuities bestowed upon his employees." Stats. Nev. 1971, ch. 582. However, it is unclear whether our legislature, by alluding to "the statutory minimum hourly wage," intended that NRS 608.160(1)(b) would apply to wage statutes such as the *FLSA* that are enacted by other legislative bodies, or merely to wage minimums established in Nevada statutes. NRS 608.250, Nevada's statute establishing a minimum wage for men, expressly excepts men whose minimum wages are established by the *FLSA*. Arguably, this suggests intent not to legislate on matters affecting such minimum wages, and there are reasons our legislature might make this decision.

For example, a state legislature might not wish to forbid crediting tips against a wage standard Congress may enlarge at any future time, expecting that tips will be credited against it. This is especially so because, as the United States Supreme

Court has observed, the *FLSA* does not contemplate giving "the tipping employments an earnings-preference over the non-service vocations," and a state legislature could wish to defer to this congressional policy. Cf. Williams v. Terminal Co., 315 U.S. 386, 388 (1942).

In any event, since NRS 608.160(1)(b) is a penal statute, it must be construed in respondent's favor.[1] Peck v. Woomack, 65 Nev. 184, 192 P.2d 874 (1948); Orr Ditch Co. v. Dist. Ct., 64 Nev. 138, 178 P.2d 558 (1947); Ex Parte Davis, 33 Nev. 309, 110 P. 1131 (1910). "Penal statutes should be so clear as to leave no room for doubt as to the intention of the legislature, and where a reasonable doubt does exist as to whether the person charged with a violation of its provisions is within a statute, that doubt must be resolved in favor of the individual." 33 Nev. at 318, 110 P. at 1135.

2. The *FLSA* expressly states that an action based on failure to pay minimum wages "may be maintained in any court of competent jurisdiction." § 216(b). Accordingly, it is uniformly held that state courts have jurisdiction concurrent with that of federal courts to determine claims governed by the *FLSA*. Camfield v. West Texas Utilities Co., 170 S.W.2d 552 (Tex.Ct. Civ.App. 1942); Cunningham v. Davis, 159 S.W.2d 751 (Ark. 1942); Tidewater Optical Co. v. Wittkamp, 19 S.E.2d 897 (Va. 1942).

Reversed and remanded for further proceedings.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.

---

[1]For violation of NRS 608.160, NRS 608.190(2) provides a penalty of up to $300, payable to the State, in addition to penalties NRS 608.040 makes collectible by employees who are not paid wages when due.