129 N.J. Super. 327 (1974)
323 A.2d 537
MICHAEL LEHRHAUPT, INDIVIDUALLY AND AS CHAIRMAN OF THE MADISON TOWNSHIP ZONING BOARD OF ADJUSTMENT, DOUGLAS H. REED, INDIVIDUALLY AND AS VICE CHAIRMAN OF THE MADISON TOWNSHIP ZONING BOARD OF ADJUSTMENT, FRANCIS M. CLARK, INDIVIDUALLY AND AS SECRETARY OF THE MADISON TOWNSHIP ZONING BOARD OF ADJUSTMENT, LOUIS LA PLACA, INDIVIDUALLY AND AS A MEMBER OF THE MADISON TOWNSHIP ZONING BOARD OF ADJUSTMENT, GERALD C. KELLY, INDIVIDUALLY AND AS ATTORNEY FOR THE MADISON TOWNSHIP ZONING BOARD OF ADJUSTMENT, LINDA CHORORUS, INDIVIDUALLY AND AS A CLASS IV MEMBER OF THE MADISON TOWNSHIP PLANNING BOARD, JEAN R. MCNIFF, INDIVIDUALLY AND AS A CLASS IV MEMBER OF THE MADISON TOWNSHIP PLANNING BOARD, AND RICHARD F. ZIPP, INDIVIDUALLY AND AS A CLASS IV MEMBER OF THE MADISON TOWNSHIP PLANNING BOARD, PLAINTIFFS,
v.
THE HONORABLE WILLIAM FLYNN, MAYOR, AND THE TOWNSHIP COUNCIL OF THE TOWNSHIP OF MADISON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 1, 1974.
*329 Mr. Gerald C. Kelly, for plaintiffs (Messrs. Hooley, Perselay, Butler & Kelly, attorneys).
Mr. Louis J. Alfonso, for defendants.
FURMAN, J.S.C.
Madison Township enacted an ordinance mandating full financial disclosure by township officials, on April 1, 1974. Plaintiffs, members of the zoning and planning boards and the zoning board attorney, challenge its constitutional and statutory validity in this declaratory judgment action. The ordinance's implementation is stayed pending a judicial determination on motion and cross-motion for summary judgment. Municipal legislation may be upheld or struck down without submission of testimony or evidence, despite the presumption of its validity. N.J. Builders Ass'n v. Mayor, E. Brunswick Tp., 60 N.J. 222, 224 (1972); Summer v. Teaneck, 53 N.J. 548, 551 (1969); Moyant v. Paramus, 30 N.J. 528, 539 (1959); *330 Adams Newark Theatre Co. v. Newark, 22 N.J. 472, 474 (1956), aff'd 354 U.S. 931, 77 S.Ct. 1395, 1 L.Ed.2d 1533 (1959).
The State Legislature has not specifically authorized municipal enactment of financial disclosure ordinances. The validity of the ordinance must therefore rest upon the general delegation of police power to municipalities in N.J.S.A. 40:48-2. Financial disclosure bills applicable to both state and local officials are pending before the State Legislature in its 1974 session (Assembly Bills 167, 178, 475; Senate Bill 309) in conformity with a swelling nationwide trend that elected officials, candidates for elective office and high appointed officials reveal publicly their financial assets and liabilities. Cal. Gen. Laws Ann. Tit. 9, § 1, adopted on initiative June 4, 1974; Fritz v. Gorton, 83 Wash.2d 275, 517 P.2d 911 (Sup. Ct. 1974); Stein v. Howlett, 52 Ill.2d 570, 289 N.E.2d 409 (Sup. Ct. 1972); Carmel-by-the-Sea v. Young, 2 Cal.3d 259, 85 Cal. Rptr. 1, 466 P.2d 225 (Sup. Ct. 1970).
Such financial disclosures have been referred to as purifying democracy (Emerson, The System of Freedom of Expression 634 (1970)) and akin to the public right to know (Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); N.Y. Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).
The ordinance under review is less an intrusion on the right of privacy than out-of-state-legislation on the subject approved in Stein and Fritz, supra, and disapproved in Carmel, supra. The financial disclosure reports only of the mayor and members of the township council become public records; those of the appointed officials to whom the ordinance applies[1] are kept confidential, except in judicial *331 proceedings brought by the appointing authority or the board of ethics to prosecute or enjoin violations of the ordinance. The chairman of the board of ethics reviews all financial disclosure reports and advises the mayor and council as to compliance and possible conflicts and irregularities. Penalties for false filing or nonfiling are a maximum 30 days in jail and $500 fine.
The ordinance's disclosure requirements are comprehensive not only as to the officeholder's cash, bank accounts, receivables, real property, securities, equity interests in proprietorships or partnerships and other assets and liabilities, but as to his spouse's and minor children's. The minimum value of cash, bank accounts, receivables, motor vehicles and liabilities to be reported is set at $1,000. Cash surrender value of life insurance policies, vested interests in pension plans and all furnishings and fixtures are specifically excluded.
Another major thrust of the ordinance, which is not challenged in this action, is to require disclosure of possible conflicts of interests other than through legal or beneficial ownership, that is, any employment or rendering of services for compensation for an individual, partnership or corporation regularly transacting business with the township, but not the amount of such compensation.
A succession of Supreme Court decisions has confirmed that the police power delegated to municipalities in N.J.S.A. 40:48-2 is coterminous with the police power of the State Legislature, unless there is a state preemption or the subject matter necessarily lends itself to general and uniform, rather than local, legislative control, even in the absence of state preemption. Inganamort v. Fort Lee, 62 N.J. 521, 536 (1973); N.J. Builders Ass'n, supra 60 *332 N.J. at 226-227; Summer, supra 53 N.J. at 552; Moyant, supra 30 N.J. at 542; Fred v. Old Tappan Mayor & Council, 10 N.J. 515, 519 (1952). The municipal police power extends to legislation uncharted by prior state legislation on the subject matter. N.J. Builders Ass'n, supra; Moyant, supra; Fred, supra.
Financial disclosure by township officials is appropriate for local rather than general legislative control. Madison refers to numerous recent irregularities, including criminal indictments and convictions, justifying its innovating legislaton on the subject matter without specific state enablement or guide.
The issue to be resolved, therefore, is whether the ordinance under review meets the test of substantive due process of law, that is, whether in intruding on the right of privacy[2] it is in reasonable furtherance of the public health, safety or welfare. The right of privacy has the dignity of a fundamental liberty, constitutionally protected. Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Application of Tiene, 19 N.J. 149, 163-164 (1955); Palmer v. Schonhorn Enterprises, Inc., 96 N.J. Super. 72, 75 (Ch. Div. 1967); McGovern v. Van Riper, 137 N.J. Eq. 24, 33 (Ch. 1945).
The public welfare objectives purportedly sought by the township in the ordinance under review are to unbare evidence of crimes, such as bribery and extortion, and other abuses of office, to avoid conflicts of interest and to instill and encourage public trust in the integrity of the officials subject to it.
The first objective appears marginally advance. As an adjunct to criminal investigation the ordinance would provide meaningful data only on the second annual filing, assuming *333 that an official who had, for example, accepted bribes accurately reported his increased assets or those of his wife or minor children. But the wisdom of legislation is not properly within the scope of judicial review. Vickers v. Gloucester Tp. Comm, 37 N.J. 232, 242 (1962); Kennedy v. Newark, 29 N.J. 178, 184 (1959); Kozesnik v. Montgomery Tp., 24 N.J. 154, 167 (1957).
The second objective, the disclosure of conflicts of interest, unmistakeably promotes the public welfare. The third and final objective, that of instilling and encouraging public trust in the integrity of township officials, is irrelevant in constitutional terms, not per se a rationale for legislation. Whatever assuages or placates popular opinion at the moment cannot justify legislation, unless that legislation is otherwise within the police power in reasonable furtherance of the public health, safety or welfare.
The illinois and Washington Supreme Courts sustained financial disclosure statutes as constitutional under the police power in Stein and Fritz, supra, respectively. In rejecting constitutionality the California Supreme Court in Carmel, supra, termed that state's disclosure statute overbroad because of its intrusion into irrelevant, as well as relevant, private financial matters, a distinction of significance as to conflicts of interest, less so as to extortion and other crimes.
The ordinance under review in its challenged provisions accomplishes a monitoring function over corruption and conflict of interest in municipal office. Deprivation of privacy is minimal. All financial disclosure reports remain confidential, except those of the elected officials, the mayor and council. In mandating full financial disclosure by township officials themselves the ordinance cannot be said to "sweep unnecessarily broadly and thereby invade the area of protected freedoms" (NAACP v. Alabama, 377 U.S. 288, 307, 84 S.Ct. 1302, 1314, 12 L.Ed.2d 325, 338 (1964)). That enactment reasonably furthers the public welfare and must be upheld.
*334 Other considerations bear on the ancillary requirement that the township official report his spouse's and minor children's full financial data. A husband is under no obligation to disclose his total assets and liabilities to his wife, nor since the Married Persons Act, L. 1852, c. 171 (N.J.S.A. 37:2-12) is a wife to her husband. Each spouse's property is independent of the other's. Painter v. Painter, 65 N.J. 196 (1974). In addition, as to a spouse's or minor child's beneficial interests, a trustee's duty to account runs to the beneficiary, not to the spouse or parent, and periodic accountings may not coincide with the annual filing date for financial disclosure reports.
The ordinance imposes penal sanctions for nonfiling as well as false filing. An official to whom the ordinance applies, if he lacks complete data concerning a spouse's or minor child's assets and liabilities, has no alternative except to resign and forego his civic responsibility. Legislation thus depriving an official of elected or appointed office without fault is constitutionally defective. Alternative provisions requiring a report of all transfers to a spouse or minor child during the preceding year and, as in Stein, supra, including within the official's report financial assets of a spouse or minor child "constructively controlled" by him, would accomplish the legislative purpose of preventing or uncovering diversions of illegitimate funds, without exposing an official to penal sanctions or loss of office.
A further challenge to the ordinance is that the classification of enumerated officials subject to it is incomplete and thus unreasonable because of the omission of the township clerk, deputy clerk, auditor, municipal judge and violations clerk of the municipal court. The omission of the latter two is proper both under the general doctrine of separation of powers and the specific provision of N.J. Const. (1947), Art. VI, § II, par. 3, that "[T]he Supreme Court shall make rules governing the administration of all courts in the State." As to the township clerk, deputy clerk and *335 auditor, their functions are predominantly ministerial, not discretionary, warranting their exclusion from a classification of officials, other than tax collector, vested with decision-making authority.
Plaintiffs' final contentions are that the ordinance is unconstitutional because it is ex post facto as applied to previously elected and appointed officials, and an invalid infringement on the statutory autonomy of the zoning board and planning board. These contentions are without merit. Both Stein, and inferentially Fritz, supra, reject the ex post facto argument. The members of the zoning board and planning board are subject to municipal legislative supervision, within the police power and not in conflict with their statutory responsibilities.
The ordinance under review is sustained as valid except that provision requiring disclosure of a spouse's and minor children's assets and liabilities, which is held to be invalid and severable.
NOTES
[1] All members of the zoning board, Class II and IV members of the planning board, the township manager, director of law, director of finance, treasurer, tax collector and tax assessor, township engineer, building inspector, plumbing inspector, head of the recreation department, head of the department of public works, chief of police, township prosecutor, health administrator, director of welfare, chairman of industrial commission, zoning board attorney and planning board attorney.
[2] Denial of the privilege against self-incrimination was not argued. That argument would be foreclosed under, e.g., N.J. Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 341 (1972), assuming an otherwise valid enactment within the police power.