FATHER LARRY DUNPHY, RAWSON PRINCE, VAUGHN McDOWELL, MARVIN SETTELMEYER, AND KEITH MACDONALD, MEMBERS OF THE STATE ETHICS COMMISSION OF THE STATE OF NEVADA, THE STATE ETHICS COMMISSION OF THE STATE OF NEVADA, ROBERT LIST, ATTORNEY GENERAL OF THE STATE OF NEVADA, AND GEORGE HOLT, DISTRICT ATTORNEY OF THE COUNTY OF CLARK, STATE OF NEVADA, APPELLANTS, v. JOHN J. SHEEHAN, AN INDIVIDUAL, JEROME D. MACK, AN INDIVIDUAL, AND HARLEY HARMON, AN INDIVIDUAL, RESPONDENTS.

No. 8707

April 29, 1976                    549 P.2d 332

---

*Robert List,* Attorney General, *Donald Klasic,* Deputy Attorney General, *George Holt,* District Attorney, and *Thomas D. Beatty,* Deputy District Attorney, Clark County, for Appellants.

*John J. Sheehan,* of Carson City, and *Jones, Jones, Bell, LeBaron, Close & Brown,* and *Gary R. Goodheart,* of Las Vegas, for Respondents.

**O P I N I O N**

By the Court, THOMPSON, J.:

Three public officers, John Sheehan, Executive Director of the Department of Taxation, Jerome Mack, Chairman of the Nevada Tax Commission, and Harley Harmon, a member of the Nevada State Board of Finance, commenced this action to secure a court declaration of the constitutionality of the financial disclosure provisions of the Ethics in Government Law enacted by the Legislature in 1975. It is their contention that such provisions are unconstitutionally vague and also constitute an over-broad intrusion upon their right of privacy.

The district court found the Ethics in Government Law to be unconstitutional in its entirety for reasons other than those asserted by the plaintiffs. In resolving this appeal we choose first to address the contentions tendered by the plaintiffs, after which we shall consider the reasons given by the district court for its ruling.

In broad outline, the challenged law concerns conflicts between the private interests of a public officer or employee and the interests of the general public whom he serves. Its purpose is to avoid such conflicts in order to enhance the people's faith in the integrity and impartiality of government. NRS 281.420.

To this end a code of ethical standards is established as a guide for the conduct of public officers and employees, NRS 281.610, and a State Ethics Commission is created to render advisory opinions concerning the Code, NRS 281.620. Counties and cities are authorized to create local ethics committees to complement functions of the State Commission. NRS 281.-640. Certain prohibitions are placed upon the conduct of a

public officer with regard to matters in which he has an economic interest. NRS 281.700. Provisions for enforcement and penalty in case of violation are designated. NRS 281.740. Members of the judicial department of the State are expressly excluded from the Ethics in Government Law. NRS 281.530; 281.540.

The central aspect of the law, its very heart and soul, is the requirement for an annual verified financial disclosure statement by each public officer of his economic interests. When filed, that statement becomes a public record available at reasonable times for inspection by any member of the public. It is mainly through such forced disclosure that others will become aware of impermissible conflicts which the law proposes to avoid. It is to this portion of the law that the plaintiffs have leveled their constitutional challenges.

1. The elimination and prevention of conflict of interest is a proper state purpose. All case authority so declares.[1] We are not aware of any decision holding otherwise. The law before us, however, carries criminal penalties for its violation, NRS 281.750, and a public officer who files a verified disclosure statement which is false is subject to the felony charge of perjury. NRS 15.010; 199.120.

Since the Ethics in Government Law carries serious sanctions for disobedience, its terms must be sufficiently explicit to inform those who are subject to it what conduct will render them liable to its penalties. In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967). A statute which requires the doing of an act in terms so vague that men of common intelligence necessarily must guess at its meaning and differ as to its application violates the first essential of due process. Connally v. General Construction Co., 269 U.S. 385 (1926). The public officers before us assert that the financial disclosure provisions are, indeed, unconstitutionally vague and must be voided for that reason.

---

[1]County of Nevada v. MacMillan, 522 P.2d 1345 (Cal. 1974); Carmel-By-The-Sea v. Young, 466 P.2d 225 (Cal. 1970); Fritz v. Gorton, 517 P.2d 911 (Wash. 1974); Illinois State Employees Ass'n v. Walker, 315 N.E.2d 9 (Ill. 1974); Stein v. Howlett, 289 N.E.2d 409 (Ill. 1972); In re Kading, 235 N.W.2d 409 (Wis. 1975); Montgomery County v. Walsh, 336 A.2d 97 (Ct.App.Md. 1975); Lehrhaupt v. Flynn, 323 A.2d 537 (Super.Ct.N.J. 1974).

The disclosure sections are fully quoted below.[2] In general terms, the verified statement must disclose the identity of any business entity and description of Nevada real property (except home and recreational property) in which the public officer, spouse or dependent child has an interest worth more than $1,000; any employment for which the public officer is compensated, describing such employment; and, the general source of income, loans or gifts aggregating more than $250 in value received during the preceding year, including a statement of the consideration for which the income was received. NRS 281.650(1).

The economic interests just described apparently are deemed to materially affect the public officer in the performance of his official duties if located "within the jurisdiction of the officer's public agency." NRS 281.650(3).

---

[2]NRS 281.650: "1. Each public officer shall file a statement during April of each year containing the following information:

"(a) The name, principal address and general description of the nature of the business activity of any business entity in which he has, or at any time during the year had, a direct or indirect investment worth more than $1,000;

"(b) A description of any real property in Nevada, except his home or other property owned by him primarily for personal or recreational purposes, in which he has, or at any time during the year had, a direct or indirect interest or option to purchase worth more than $1,000;

"(c) Each general source of income, loans or gifts, aggregating $250 or more in value received in the preceding 12 months, including the name, address and general description of the business activity of each source, a statement of the consideration, if any, for which the income was received; and

"(d) Any employment, position or management or office for which he is receiving compensation, held at the time of filing or at any time during the year by the public officer, and the name, principal address and a general description of the nature of the business activity of the business entity.

"2. The statement required by this section need not disclose any investments, interests or income which could not be affected materially by any action, failure to act or decision taken by the public officer acting within the scope of his official duties.

"3. For the purposes of this section, an interest in real property, except the property excluded in paragraph (b) of subsection 1, located within the jurisdiction of the officer's public agency or an investment in a business entity, a source of income or a position of employment, office or management of any business entity located within the jurisdiction or doing business within the jurisdiction is an interest which could be affected materially by the officer in the scope of his official duties.

"4. The statement shall be verified in accordance with the provisions of NRS 15.010."

Disclosure applies as well to nonincumbent candidates for office and newly appointed public officers. NRS 281.660.

However, if such economic interests are not located within the jurisdiction of the officer's public agency, and would not materially affect the officer in the performance of his duties, disclosure of such interests need not be made. NRS 281.-650(2). Apparently, the public officer must make this decision for himself, and at the risk of being charged with perjury should his decision later be found erroneous.

The disclosure provisions are unconstitutionally vague, deceptive and uncertain. What is the "jurisdiction of the officer's public agency" for the purposes of financial disclosure? By way of illustration, let us suppose that a city councilman, or his spouse, or his child, owns extensive economic interests within the county of his residence, but not within the boundaries of the city which he serves. Must he disclose such interests? They are not within the jurisdiction of his public agency. He must determine for himself whether to expose such interest to public scrutiny, and does not know whether a failure to disclose may subject him to criminal penalty. Examples of this initial "jurisdictional" determination may be multiplied a hundredfold, and points to a basic vagueness in the law. The public office holder should not have to guess regarding his duty to disclose. That duty must be expressed clearly if criminal sanctions for breach are authorized.

We give no credit to the suggestion that the public officer, if in doubt regarding his duty to disclose, need only obtain an advisory opinion from the State Ethics Commission. That Commission can only advise. Its opinion carries no binding force and does not insulate the public officer from criminal prosecution if a grand jury or other prosecuting authority has a different view of the matter.

2. The plaintiffs in this case also have asserted that the financial disclosure provisions unconstitutionally invade their right of privacy. Having found such provisions unconstitutionally vague, we need not and do not express our view upon the privacy issue.

Proceeding on the assumption, however, that the legislature may elect, at some future time, to restructure the Ethics Law to correct infirmities, it is useful, perhaps, to note in passing that the California Supreme Court has, in certain circumstances, recognized that a public officer's personal financial affairs are private to him and beyond the reach of governmental inquiry. City of Carmel-By-The-Sea v. Young, 466 P.2d 225 (Cal. 1970). In that case, the statute required disclosure of the *extent* of the public officer's investments, as distinguished

from disclosure of the source or identity thereof. The court found a violation of a right of privacy and struck down the statute as unconstitutional.

It is not clear whether the financial disclosure provisions of our law require more than the listing of the source and identity of the economic interests. Subsections (a), (b) and (d) of NRS 281.650(1) do not. Subsection (c) however may be read to require the public officer to reveal the extent of his income since a "statement of the consideration for which the income was received" must be made. Consequently, one owning stocks and bonds, income from real property, etc., should disclose what he paid therefor, and to that extent, at least, would expose to public view the value of his economic interests.

Moreover, we note that a New Jersey court invalidated the requirement that the economic interests of the officer's spouse and dependent children be disclosed. Lehrhaupt v. Flynn, 323 A.2d 537 (N.J. Superior Ct., 1974). This, also, should be given studied consideration if the law is to be restructured.

3.  At the beginning of this opinion we noted that the district court annulled the Ethics in Government Law for reasons other than those advanced by the plaintiffs. That court ruled that the plaintiffs were denied the equal protection of the laws because members of the judicial department of the State were specifically excluded from the Act. That court also found the law to be an ex post facto law in violation of our Nevada Constitution. The district court was in error in each instance.

a.  Nev. Const. art. 3, § 1, provides for three separate departments of our government, the Legislative, the Executive, and the Judicial, and mandates that "no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others. . . ."

The doctrine of separation of powers is fundamental to our system of government. Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967). The judicial department may not invade the legislative and executive province. State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969). Neither may the legislative and executive branches of government exercise powers properly belonging to the judicial department. Graves v. State, 82 Nev. 137, 413 P.2d 503 (1966). Out of deference to the doctrine of separation of powers the legislature specifically excluded members of the judiciary from the Ethics in Government Law. Such exclusion was constitutionally mandated. In re Kading, 235 N.W.2d 409 (Wis. 1975).

The function of the judicial department is the administration of justice. The judiciary, as a coequal branch of government, possesses the inherent power to protect itself and to administer its affairs. Sun Realty v. District Court, 91 Nev. 774, 542 P.2d 1072 (1975). The promulgation of a Code of Judicial Ethics is a measure essential to the due administration of justice and within the inherent power of the judicial department of this State. In re Kading, supra.

For many years the judiciary of Nevada has been governed by Canons of Judicial Ethics. The most recent revision of the canons became effective October 15, 1965. Supreme Court Rules 205–241. Among other matters, the canons concern business interests and conflicts, gifts and favors, personal investments and relationships. A financial disclosure statement is not required. The advisability of including such a requirement presently is under consideration and will be determined within the inherent authority of the judicial department of this State to govern its affairs.

b. Nev. Const. art. 1, § 15, forbids enactment of an ex post facto law. The district court found the Ethics in Government Law to violate that constitutional command. The court was in error.

An ex post facto law makes criminal an act which was innocent when done. Eureka Bank Cases, 35 Nev. 80, 126 P. 655 (1912). It is retrospective in application. The Ethics in Government Law is prospective in its operation and does not fall within the constitutional prohibition.

4. Since we have voided the financial disclosure provisions, we now must determine the impact of our opinion upon the remaining portions of the law. The appellants contended that the balance of the law is capable of independent life.

We are not authorized to declare the entire law invalid unless we may presume that the legislature would not have passed the remaining portions of the law without the provisions for financial disclosure. State v. Westerfield, 23 Nev. 468, 49 P. 119 (1897).

As noted early in this opinion, the provisions for financial disclosure are the heart and soul of the Act since it is through such forced disclosure that impermissible conflicts in interest may become known. The legislative purpose appears to have been directed primarily to this aspect of the law.

Accordingly, we are unable to conclude that the remaining portions would have been enacted independently.[3] We, therefore, declare the Ethics in Government Law unconstitutional in its entirety.

Affirmed.

BATJER, ZENOFF, and MOWBRAY, JJ., concur.

GUNDERSON, C. J., dissenting:

I must respectfully dissent from this Court's holding, i.e., that the Ethics in Government Law is void because its provisions concerning financial disclosure are impermissibly vague.

1. Of course, because penal statutes must be strictly construed, any ambiguity in NRS 281.650 necessarily would be resolved in favor of anyone accused of violating its terms. See, for example: Sheriff v. Hanks, 91 Nev. 57, 530 P.2d 1191 (1975); Labor Comm'r v. Mapes Hotel Corp., 89 Nev. 21, 505 P.2d 288 (1973); Peck v. Womack, 65 Nev. 184, 192 P.2d 894 (1948); Orr Ditch Co. v. District Ct., 64 Nev. 138, 178 P.2d 558 (1947); Ex Parte Davis, 33 Nev. 309, 110 P. 1131 (1910). Moreover, strictly construing NRS 281.410 et seq., it appears to me that what the statutes make criminal is not an innocently or mistakenly incorrect statement, but a *willfully* false statement. Such an interpretation accords, not just with usual principles governing construction and interpretation of criminal statutes, but with NRS 193.190 which declares: "In every crime or public offense there must exist a union, or joint operation of act and intention, or criminal negligence."

Thus, I do not believe persons governed by the act are required to guess at what NRS 281.650 requires, at their peril. Since that statute is enforced by criminal sanctions, they may know that any legitimate doubts about the statute's sweep must be resolved in their favor, and that, in any event, they are culpable only if they act in bad faith. So viewed, I find NRS 281.650 unobjectionable, and sufficiently comprehensible.

2. I fully agree that the judicial branch of government,

---

[3]The Ethics in Government Law does not contain a severability clause. The appellants call our attention to 1957 Stats. ch. 2, § 6, which states that if any provision of the Nevada Revised Statutes or amendments thereof is held invalid, such invalidity shall not affect provisions that can be given effect.

We read that provisions to have application only to the Nevada Revised Statutes referred to in 1957 Stats. ch. 2, § 1, and amendments thereto. The Ethics in Government Law is neither. It was a new law enacted in 1975.

through this Court, has the right, power, and indeed the obligation, to govern its own affairs, without interference from the legislative and executive branches. In its new proposed Code of Judicial Conduct, the American Bar Association has suggested reporting provisions for judges, only arguably better than those of NRS 281.650; and I would hope that this Court will adopt those or similar reporting measures in due course, when our committee's final report concerning the entire Code is received this fall. I agree that the Legislature's decision to respect judicial autonomy, permitting the judiciary to address its own problems, was commendable and constitutionally mandated. Hence, in my view, the district court erred in determining that the Ethics in Government Law was somehow unconstitutional because the Legislature exercised appropriate restraint, and did not attempt to usurp powers pertaining to the judiciary. No more are the judiciary's present canons—or the judiciary's contemplated new Code of Conduct—void because they do not seek to control the Legislature.

I therefore respectfully submit that unconstitutionality of the Ethics in Government Law has not been demonstrated, by my brethren or by the district court.