334 So.2d 20 (1976)
George A. GOLDTRAP, Jr., Appellant,
v.
Reubin O'd. ASKEW, Governor of the State of Florida, and the Commission On Ethics, State of Florida, Appellees.
No. 48116.
Supreme Court of Florida.
June 17, 1976.
Rehearing Denied July 14, 1976.
*21 Julius F. Parker, Jr., and H. Jerrol Raymond, of Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and John A. Barley, Sharyn Smith and William C. Sherrill, Jr., Asst. Attys. Gen., for appellees.
ENGLAND, Justice.
By direct appeal from the Leon County Circuit Court, we are asked to review a final declaratory judgment upholding as constitutional Section 112.3145, Florida Statutes (Supp. 1974), which requires public disclosure of the financial affairs of "public officers." We have jurisdiction to consider this appeal pursuant to Article V, Section 3(b)(1) of the Florida Constitution.
The facts involved in this controversy were stipulated by the parties. Simply stated, George Goldtrap was elected to the Lee County Commission in 1972 and was serving as a Commissioner when the Legislature enacted the financial disclosure provisions now under attack.[1] As an elected county commissioner he was a "public officer" under the act,[2] and as such required to disclose his financial affairs through public filings. Goldtrap refused to file the financial information required by the act, and he commenced this action for declaratory relief. After the trial court declared the act valid and directed his compliance, Goldtrap initiated this appeal.[3]
In general outline, the matters required by the act to be made public are:
(1) income sources which constitute 10% or more of a public officer's income, excluding dividends, interest and certain other sources;
(2) interests in excess of 10% in certain regulated or licensed businesses, such as banks and pari-mutuel wagering companies;
(3) representation of the public officer for compensation before his own governmental agency or an agency at the same level of government;
(4) debts on which a rate of interest is charged which is substantially below customary and usual charges;
(5) all debts which exceed the public officer's net worth; and
(6) all assets having a value in excess of 15% of the public officer's aggregate assets, excluding a personal residence and non-Florida real estate.
Goldtrap contends that Section 112.3145 is impermissibly broad, both as to the classes of people required to file under its provisions and as to the materials required to be filed, and for that reason constitutes an unconstitutional invasion of privacy. He relies upon United States Supreme Court decisions establishing a right of privacy under the United States Constitution,[4] and on the rationale of a California Supreme Court decision involving financial disclosure by public officials.[5] *22 The Governor and the Ethics Commission do not deny a constitutional right of privacy in certain areas, but they distinguish those areas from reasonable financial disclosure laws applicable to elected public officials. They also suggest that the California decision upon which Goldtrap relies has been eroded by a later California decision,[6] and assert that the appellate decisions in other jurisdictions have uniformly upheld financial disclosure statutes.[7]
It is not necessary here either to delineate the boundaries of the federal right of privacy or to determine whether that right extends to the financial interests of elected public officials. The State of Florida has a compelling interest in protecting its citizens from abuse of the trust placed in their elected officials, and no court has yet declared that a federal right of privacy overrides a reasonable effort by the state to implement a policy of ethics in government. In this state, in particular, the interest in preventing conflicts of interest rests on the broadest possible base.
In 1968, the people of Florida adopted as part of their Constitution this directive to their legislators:
"A code of ethics for all state employees and non-judicial officers prohibiting conflict between public duty and private interests shall be prescribed by law."[8]
The Legislature responded in 1974 with the statute which Goldtrap attacks, declaring as the policy of this state:
"It is hereby declared to be the policy of the state that no officer or employee of a state agency or of a county, city, or other political subdivision of the state, and no member of the legislature or legislative employee, shall have any interest, financial or otherwise, direct or indirect; engage in any business transaction or professional activity; or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest."[9]
The disclosure of personal finances to the extent prescribed in Section 112.3145 advances the legitimate interest of the state in preventing the wrongful diversion of governmental authority to private financial gain. The Legislature could reasonably conclude that a holder of public office is most apt to act for the public's good only when any member of the public can see any possible conflicts of interest. It was not necessary that the Legislature experiment with less intrusive or more particularized disclosure laws, or that less rigid disclosure thresholds be established. In this area the Legislature need only adopt a uniform code which requires disclosure of matters reasonably relevant to the duties of public office. We agree with the Supreme Court of Washington that it would be "an insurmountable legislative task to tailor disclosures to each of literally a myriad of public posts, and an anomaly to require each individual to make a personal determination as to what items of his financial affairs would be relevant."[10]
Goldtrap is an elected public official whose responsibilities as county commissioner have significant impact in many *23 areas. He does not contend otherwise, and he has not shown that the required disclosures as applied to him will involve financial relationships which could not materially affect the performance of his public duties.[11]
For these reasons, we hold that Chapter 74-177 is constitutional on its face and as applied to this litigant. The judgment of the circuit court is affirmed.
OVERTON, C.J., and ROBERTS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., concurs with result only.
NOTES
[1] Chapter 74-177, § 5, Laws of Florida.
[2] Section 112.312(7)(a), Fla. Stat. (Supp. 1974).
[3] We note that the provision we are called upon to review was amended by the 1975 Legislature. See Section 112.3145 Fla. Stat. (1975). The changes in definitions and requirements under the revised act do not obviate our review of the issue which Goldtrap has posed, however. Under them Goldtrap would be classified as a "local officer" (Section 112.3145(1)(a)(1)), but subject to similar filing requirements as were imposed under the original act.
[4] See Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
[5] City of Carmel-By-The-Sea v. Young, 2 Cal.3d 259, 85 Cal. Rptr. 1, 466 P.2d 225 (1970).
[6] County of Nevada v. MacMillen, 11 Cal.3d 662, 114 Cal. Rptr. 345, 522 P.2d 1345 (1974).
[7] Montgomery County v. Walsh, 274 Md. 502, 336 A.2d 97 (1975); Illinois State Employees Ass'n v. Walker, 57 Ill.2d 512, 315 N.E.2d 9 (1974), cert. denied sub nom., Troopers Lodge No. 41 v. Walker, 419 U.S. 1058, 95 S.Ct. 642, 42 L.Ed.2d 656 (1975); Fritz v. Gorton, 83 Wash.2d 275, 517 P.2d 911, appeal dismissed, 417 U.S. 902, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974); Lehrhaupt v. Flynn, 129 N.J. Super. 327, 323 A.2d 537 (1974); Stein v. Howlett, 52 Ill.2d 570, 289 N.E.2d 409 (1972), appeal dismissed, 412 U.S. 925, 93 S.Ct. 2750, 37 L.Ed.2d 152 (1973). Also see, In re Kading, 70 Wis.2d 508, 235 N.W.2d 409 (1975).
[8] Fla. Const. art. III, § 18.
[9] Section 112.311(5), Fla. Stat. (Supp. 1974).
[10] Fritz v. Gorton, 83 Wash.2d 275, 517 P.2d 911, 926, appeal dismissed, 417 U.S. 902, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974).
[11] Goldtrap has no standing to challenge the statute on behalf of appointed "public officials" or others included in that statutory class whose responsibilities are arguably less likely to affect the public directly.