SHERIFF, WASHOE COUNTY, APPELLANT, v.
PETER J. SFERRAZZA, RESPONDENT.

No. 18983

December 29, 1988                     766 P.2d 896

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, Washoe County, for Appellant.

*Calvin R.X. Dunlap,* Reno, for Respondent.

---

**OPINION**

*Per Curiam:*

Respondent (Sferrazza) is an attorney engaged in the private practice of law in Nevada. On October 13, 1987, a criminal complaint was filed in the Justice's Court of Reno Township, Washoe County, alleging that on September 8, 1987, Sferrazza, while acting as an attorney at law, acquired a reason to believe that a minor child was the victim of child abuse and failed to report that knowledge immediately to an appropriate law enforcement agency. Therefore, the complaint alleged that Sferrazza committed a misdemeanor in violation of NRS 432B.220 and 432B.240.[1] the complaint was filed in spite of the undisputed fact that Sferrazza did report the suspected child abuse to the proper authorities two weeks after he first acquired any information whatever regarding the suspected abuse.

Sferrazza subsequently moved the justice's court to dismiss the criminal complaint pending against him. After the justice's court denied his motion, Sferrazza filed a pretrial petition for a writ of habeas corpus in the district court. The state opposed Sferrazza's petition and, on February 17, 1988, the district court held a hearing on the petition. At that hearing, the state stipulated that Sferrazza did not make his report after learning that another individual was about to report the suspected abuse, and that Sferrazza's report met the requirements of the reporting statute.

---

[1]NRS 432B.220 provides in pertinent part:

   1. A report must be made immediately to an agency which provides protective services or to a law enforcement agency when there is reason to believe that a child has been abused or neglected. . . .
   2. Reports must be made by the following persons who, in their professional or occupational capacities, know or have reason to believe that a child has been abused or neglected:

   . . . .

   (i) An attorney, unless he has acquired the knowledge of the abuse or neglect from a client who is or may be accused of the abuse or neglect.
   . . .

NRS 432B.240 provides:

Any person who knowingly and willfully violates the provisions of NRS 432B.220 is guilty of a misdemeanor.

The district court subsequently granted Sferrazza's habeas corpus petition, and dismissed the criminal charges pending against Sferrazza. This appeal followed.

Because a criminal penalty may be imposed on persons who fail to comply with the reporting requirements of NRS 432B.220, the terms of that statute must be clear enough to inform those who are subject to the reporting provisions what conduct will render them liable to a criminal sanction. *See* In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967); Coates v. City of Cincinnati, 402 U.S. 611 (1971). Indeed, "[a] statute which requires the doing of an act in terms so vague that men of common intelligence necessarily must guess at its meaning and differ as to its application violates the first essential of due process." Dunphy v. Sheehan, 92 Nev. 259, 262, 549 P.2d 332, 334 (1976). *See also* Connally v. General Const. Co., 269 U.S. 385 (1926).

NRS 432B.220 requires the professionals who are listed in that statute to report incidents of suspected child abuse or neglect "immediately" after determining that there is a reason to believe that the abuse or neglect has occurred. The meaning of the term "immediately" is thus at issue here. In the present case, Sferrazza reported the suspected abuse two weeks after he first acquired a reason to suspect the abuse. At oral argument, the state opined that in some circumstances a person could be prosecuted if he delayed a mere fifteen minutes before reporting an incident of suspected child abuse to the authorities. This illustrates clearly that the word "immediately" vests in the prosecuting authorities unbridled discretion to determine whether a report of suspected child abuse was made quickly enough to satisfy the mandate of NRS 432B.220. Under the statute as presently written, a professional who acquires a reason to suspect that a child is being abused or neglected would report his suspicions only at great risk to himself of prosecution for failing to make an "immediate" report. NRS 432B.220 fails to inform those professionals who are subject to its terms what conduct will render them liable for criminal sanctions. Thus, the statute is unconstitutionally vague. *See Dunphy,* 92 Nev. at 262, 549 P.2d at 334; *Laiolo,* 83 Nev. at 188, 426 P.2d at 727; *Coates,* 402 U.S. at 614; *Connally,* 269 U.S. at 392.

In addition to the deficiency in the statute noted above, this statute raises concerns which go far beyond the meaning of the term "immediate." Specifically, the statute purports to impose criminal liability against professionals on the sole basis that those professionals may, in the course of their employment, have obtained "a reason to believe" that a child has been neglected or abused. The statute does not attempt to define the type of knowledge that might satisfy that standard, nor does the statute leave

any room for investigation and the exercise of professional judgment. If, for example, a professional person, in the course of counseling a client, is told that an abuse has taken place, it could be argued that the professional had "a reason to believe" an abuse has occurred and was therefore under a duty to report the alleged abuse even though, based on his or her experience, observation of the demeanor of the complainant, and professional judgment, the professional person believes the report to be untrue and unreasonable. If this construction were accorded the statute, then the professional would be forced to report the alleged abuse, or run the risk that a prosecutor, with the aid of hind sight, might second guess the professional's judgment and charge him or her with a serious criminal offense. However, in light of our conclusion that NRS 432B.220 is unconstitutionally vague, we need not now consider such other concerns which are raised by placing professionals under burdens that may conflict with their duties to behave in a responsible manner.

Accordingly, for the reasons expressed above, we conclude that the district court properly granted Sferrazza's petition for a writ of habeas corpus, and we affirm that decision.[2]

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.