**In re United States of America,**

UNITED STATES of America,
Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR the SOUTHERN DISTRICT OF
CALIFORNIA, Respondent,

Ronald G. Wilkins, Real
Party in Interest.

No. 04–70709.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Filed Oct. 7, 2004.

**1204**

Robert M. Loeb, U.S. Department of Justice, Civil Division, Washington, D.C., argued for the petitioner.

Arthur A. Schulcz, Sr., Vienna, Virginia, argued for the real party in interest.

Before: REINHARDT, KOZINSKI and CLIFTON, Circuit Judges.

**ORDER**

Wilkins, a former Navy chaplain, sued the United States, alleging that he was selected for early retirement based on religious discrimination in the Navy's hiring, promotion and retention of chaplains. He moved for an order compelling the officers who sat on his early retirement selection board, among others, to appear for depositions, and the United States opposed on the ground that Navy selection board proceedings are confidential pursuant to 10 U.S.C. § 618(f). Noting that section 618(f)

"has no specific language prohibiting judicial disclosure," *Zambrano v. INS*, 972 F.2d 1122, 1126 (9th Cir.1992), the district court directed the Navy to permit discovery from those officers.

■ The government seeks review by mandamus petition after another panel of this court dismissed its interlocutory appeal. *See Wilkins v. United States*, No. 04–55046 (9th Cir. Apr. 27, 2004) (order dismissing for lack of jurisdiction). The United States argues in its petition, as it had below, that section 618(f) bars Wilkins's discovery request. Section 618(f) provides:

> Except as authorized or required by this section, proceedings *of a selection board convened under section 611(a) of this title* may not be disclosed to any person not a member of the board.

10 U.S.C. § 618(f) (emphasis added).

Shortly before oral argument in this case, the D.C. Circuit decided *In re England*, 375 F.3d 1169 (D.C.Cir.2004), and noticed what the parties to this case had apparently overlooked: "[T]he statute, by its terms, applie[s] only to certain types of selection board proceedings." *Id.* at 1181. 10 U.S.C. § 611(a) authorizes only "selection boards to recommend ... promotion"; early retirement selection boards are convened under 10 U.S.C. § 611(b). Petitioner now concedes, as it must, that section 618(f) does not cover Wilkins's early retirement selection board.

Alerted to the statutory difficulty, petitioner quickly moved to submit a supplemental brief arguing a new basis for mandamus relief. The officers had taken an oath to keep the proceedings confidential, *see* Secretary of the Navy Instruction 1420.1A ¶¶ 12(f), 24(c) (Jan. 8, 1991), *cited in* Motion to Submit Short Supplemental Response to Address New Argument Raised by the D.C. Circuit Decision at 2, and petitioner contends that the oath re-

quirement itself bars disclosure. This argument was not raised below, and we decline to consider it.

■ In appropriate circumstances, we may consider legal issues on appeal even though they were not raised below. *See Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir.1986); *see also Hormel v. Helvering*, 312 U.S. 552, 556–59, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). Of the three justifications we ordinarily recognize, two are clearly not present here. The third reason is to prevent injustice that could otherwise result: If we decline to consider an issue raised for the first time on appeal, and the judgment below is therefore affirmed, the issue most likely will never be considered by any court. But mandamus review is different. Because denial of mandamus will not end this case, petitioner may still be able to raise the oath requirement below and, subsequently, on appeal or in a second mandamus petition.

■ In addition, while we review legal issues on appeal de novo, whether or not they were raised below, *see, e.g., United States v. Castro*, 887 F.2d 988, 996 (9th Cir.1989), we generally require clear error to justify a writ of mandamus. *See Molus v. United States (In re Grand Jury Investigation )*, 182 F.3d 668, 670 (9th Cir.1999). Clear error is a deferential standard of review, *see Arizona v. United States Dist. Court (In re Cement Antitrust Litig.)*, 688 F.2d 1297, 1305–06 (9th Cir.1982) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)), which presupposes a decision to which we might defer. Since we do not require district courts to imagine every conceivable challenge that a party could bring, we will not find the district court's decision so egregiously wrong as to constitute clear error where the purported error was never brought to its attention. *Cf. Califano v. Moynahan*, 596 F.2d 1320, 1322 (6th Cir.1979) ("We decline to employ the extraordinary remedy of mandamus to require a district judge to do that which he was never asked to do in a proper way in the first place.").

\* \* \*

The motion to submit a supplemental brief is DENIED. Because petitioner concedes that the ground for relief asserted below and in its mandamus petition is inapplicable, the petition is DENIED.