In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 06-2935

IN RE:

   LINEE AEREE ITALIANE (ALITALIA),

*Petitioner.*

_____

On Petition for a Writ of Mandamus to the
United States District Court for the
Northern District of Illinois, Eastern Division.
No. 02 C 2858—**Sidney I. Schenkier**, *Magistrate Judge.*

_____

SUBMITTED AUGUST 7, 2006—DECIDED NOVEMBER 27, 2006

_____


   Before POSNER, WOOD, and WILLIAMS, *Circuit Judges.*

   POSNER, *Circuit Judge.* Alitalia is the defendant in a breach of contract suit in the federal district court in Chicago, having been removed by Alitalia to that court from state court under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602-1611; see *id.*, § 1330(a), at a time when Alitalia's majority shareholder was the Italian government. The Act entitles the instrumentality of a foreign government to a nonjury trial. 28 U.S.C. § 1441(d); *In re Air Crash Disaster Near Roselawn, Indiana*, 96 F.3d 932, 936 (7th Cir. 1996); *Rex v. Compania Pervana De Vapores, S.A.*, 660 F.2d 61, 63-64 (3d Cir. 1981). But after removal, the Italian government relinquished its majority shareholding and the plaintiffs

then demanded a jury trial. The district court agreed. Alitalia asked us to order the court to grant it a nonjury trial, arguing that the sale did not take Alitalia out from under the protection of the Act.

Alitalia may well be right. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478-80 (2003), holds that whether the defendant is a government instrumentality within the meaning of the Foreign Sovereign Immunities Act is to be determined when the suit is filed. It could be argued that since a demand for a jury trial is made "after [rather than at] the commencement of the action and not later than 10 days after the service of the last pleading directed to [an issue triable of right by a jury]," Fed. R. Civ. P. 38(b), changed circumstances after a suit was filed and removed could entitle the plaintiff to demand and obtain a jury trial. But even if the district court was wrong (as we need not decide)—even if it was clearly wrong—mandamus requires not only a clear error but one that unless immediately corrected will wreak irreparable harm. *In re Barnett*, 97 F.3d 181, 183-84 (7th Cir. 1996); *In re Rhone-Poulenc Rorer*, 51 F.3d 1293, 1295 (7th Cir. 1995); *In re Sterling-Suarez*, 306 F.3d 1170, 1172 (1st Cir. 2002). Compelling Alitalia to submit to a jury trial would not cause the company irreparable harm, because if it lost at trial and succeeded in persuading us on appeal that the Foreign Sovereign Immunities Act entitled it to a nonjury trial, we would order a new trial—a nonjury trial. *Matthews v. CTI Container Transport Int'l, Inc.*, 871 F.2d 270, 282 (2d Cir. 1989); *Houston v. Murmansk Shipping Co.*, 667 F.2d 1151, 1154-55 (4th Cir. 1982); cf. *Fisher v. Danos*, 671 F.2d 904, 906 (5th Cir. 1982). Congress granted foreign states and their instrumentalities a right to a nonjury trial as a matter of comity, *Dole Food Co. v. Patrickson*, *supra*, 538 U.S. at 479; *In re Air Crash Disaster Near Roselawn, Indiana*, *supra*, 96 F.3d at 947; *Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 421-

22 (5th Cir. 1982), to spare them the affront that proud foreigners might feel at being judged by a jury of laymen, especially as few foreign countries have civil juries.

But that affront, as it would be rendered harmless by denying any effect to the jury's verdict if indeed the defendant was entitled by statute to a nonjury trial, is not an *irreparable* harm. And as for the possibility that denying mandamus would result in two trials, jury and bench, and thus in added cost to Alitalia, such additional cost, even if unrecoverable and so in a literal sense irreparable, is not the kind of irreparable harm that justifies mandamus. *First Nat'l Bank of Waukesha v. FDIC*, 796 F.2d 999, 1005-06 (7th Cir. 1986). Postponing appeal to the end of a litigation, rather than interrupting it *in medias res* with a mandamus proceeding that would require this court to conduct interlocutory appellate review, is as likely to reduce as to increase the total expense of the litigation. See *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004); *Armendariz v. Penman*, 75 F.3d 1311, 1316 (9th Cir. 1996) (en banc); *Carlenstolpe v. Merck & Co.*, 819 F.2d 33, 37 (2d Cir. 1987). For, depending on the outcome in the district court, there may very well be no appeal from the final judgment. In that event the mandamus proceeding will have turned out to be a waste of resources—as it will even if there is an appeal, should Alitalia prevail in the jury trial and the appeal be by the plaintiffs.

However, after the foregoing opinion was drafted and approved by the panel, but before it was issued, the jury trial (which had not been stayed) concluded with an $8.5 million verdict in favor of the respondents. They ask us to dismiss the mandamus proceeding as moot, on the ground that Alitalia has an effective remedy at law, namely an appeal from the judgment entered on the verdict. Alitalia

opposes their motion, arguing that the case in the district court is not yet concluded because Alitalia has filed postjudgment motions—one of which asks the district court to vacate the judgment and order a bench trial.

Entry of final judgment in the district court ordinarily provides a compelling reason for denying a petition for mandamus to correct a preliminary ruling, in this case the grant of a motion for trial by jury. (For an exception, however, see *In re Austrian, German Holocaust Litigation*, 250 F.3d 156, 162-63 (2d Cir. 2001).) The reason is that an appeal offers the party complaining of the ruling a better shot at the relief it wants than mandamus would, because of the clear-error and irreparable-harm requirements that limit grants of mandamus. But as in *Madej v. Briley*, 371 F.3d 898, 899 (7th Cir. 2004), when a petition for mandamus is rendered defunct by the entry of a final judgment the petition can be treated as an appeal. Rather than do that here, however—as the merits have not been fully briefed and motions remain pending in the district court—we shall simply deny the petition for mandamus with a reminder to the magistrate judge presiding in this case to reexamine the jury-trial issue carefully in light of the *Dole* case, as he has been asked to do by Alitalia in the postjudgment motion to which we referred.

DENIED.

No. 06-2935                                                          5

A true Copy:

        Teste:

                                    _____
                                    *Clerk of the United States Court of*
                                    *Appeals for the Seventh Circuit*