OPINION
 

 Per Curiam:
 

 This appeal presents two main issues. First, we consider whether, under a federal preemption analysis, class action claims of unpaid minimum wage balances brought under the Nevada Wage and Hour Law (NWHL) are more properly considered under the Federal Fair Labor Standards Act (FLSA). Given that the FLSA expressly provides that higher state minimum wage legislation may control minimum wage claims, and because Nevada’s minimum wage law provides greater employee wage protection than that provided under the FLSA, we conclude that the FLSA does not preempt the NWHL.
 

 Second, having recognized that Nevada law governs this dispute, we consider whether the claims should proceed under NRCP 23, Nevada’s class action rule, with a proposed substitute class representative. We conclude that, in accordance with Nevada’s class action rule, the proposed representative’s claims were sufficiently factually and legally similar to those of the purported class to allow substitution, and thus, the district court must proceed with the NWHL claims with the proposed class representative, if still available, under NRCP 23.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellants Jane Roe Dancer I-VII filed a complaint against their employer, respondent Golden Coin, Ltd., d/b/a Girls of Glitter Gulch (Glitter Gulch), to recover unpaid wages and benefits. In particular, the complaint alleged that Glitter Gulch had denied appellants and others similarly situated the minimum wages and benefits to which they were entitled under the NWHL, NRS Chapter 608. In so doing, appellants sought class certification on behalf of
 
 *31
 
 themselves and others who were employed by Glitter Gulch for the two-year period preceding the filing of the complaint.
 

 The district court initially certified appellants’ class action under NRCP 23, and appellants moved for approval of the class notice as required by NRCP 23(c)(2). Glitter Gulch responded by filing a motion to decertify the class or to treat the case as a federal FLSA proceeding, arguing that the FLSA preempted the NWHL. Essentially agreeing that the FLSA preempted the Nevada minimum wage law, the district court granted Glitter Gulch’s motion to proceed with the class action under the FLSA, rather than NRCP 23.
 

 Subsequently, appellants filed a motion to substitute the then current class representative with a new proposed class representative, apparently because the current representative could not be located. Glitter Gulch opposed the motion and countermoved for dismissal, arguing that no appropriate class representative was available to proceed with the case and that substitution was improper because the proposed class representative’s claims were barred by the applicable statute of limitations and, in any case, the proposed class representative was not similarly situated with the other class members.
 
 [1]
 
 The district court denied appellants’ motion to substitute the class representative and granted the motion to dismiss appellants’ claims against Glitter Gulch.
 
 [2]
 
 This appeal followed.
 

 DISCUSSION
 

 On appeal, appellants present two main arguments. First, appellants contend that the FLSA does not preempt their NWHL claims and, thus, the district court improperly ordered that the
 
 *32
 
 matter proceed as a federal class action under the FLSA. Second, absent the district court’s error in determining preemption, appellants contend that they should have been permitted to substitute the newly proposed class representative. We address each of these arguments in turn.
 

 Standard of review
 

 Because questions of federal preemption are questions of law, we will review the district court’s order de novo.
 
 [3]
 
 Further, we rigorously review an order granting an NRCP 12(b)(5) motion to dismiss, construing the pleadings liberally to determine whether the plaintiff could prove any set of facts that, if ultimately accepted as true, would entitle her to relief.
 
 [4]
 
 In making this determination, this court will draw every fair inference in favor of the nonmoving party.
 
 [5]
 

 The FLSA does not preempt the NWHL
 

 Both the FLSA and the NWHL establish minimum wages that apply to private employers within this state.
 
 [6]
 
 The FLSA, however, permits an employer to credit an employee’s tips against the federal minimum wage,
 
 [7]
 
 while the NWHL prohibits such offsets against state-established minimum wages.
 
 [8]
 
 More particularly, NRS 608.160 now prohibits any person from “[a]pply[ing] as a credit toward the payment of the statutory minimum hourly wage established by any law of this State any tips or gratuities bestowed upon his employees.”
 
 [9]
 
 In determining that the FLSA governed appellants’ claims, the district court essentially concluded that the FLSA preempted Nevada law under a conflict analysis because the NWHL applied to the same subject. We disagree with the district court in this instance.
 

 It is fundamental that federal law may preempt state law: “[ujnder the Supremacy Clause, state laws which are contrary to,
 
 *33
 
 or which interfere with, the laws of Congress are invalid.”
 
 [10]
 
 In determining whether a federal law preempts a state law, we look to congressional intent.
 
 [11]
 

 When Congress has explicitly spoken on the issue, we look to the language it used to determine its intent.
 
 [12]
 
 Thus, state law is expressly preempted when federal law explicitly sets forth the degree to which it preempts state law.
 
 [13]
 
 Here, the FLSA explicitly provides that a degree of state regulation is permitted: “[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter.”
 
 [14]
 
 Accordingly, this savings clause evidences congressional intent to leave room for state law to establish higher minimum wages than those set by the FLSA.
 
 [15]
 
 We note that there is no conflict between the wage rights of plaintiffs under the NWHL and wage rights of plaintiffs under the FLSA. Compliance with both laws is not impossible, and the NWHL does not impede successfully implementing federal minimum wage goals.
 
 [16]
 
 As the NWHL has established a higher minimum wage than that required under the FLSA by prohibiting a tip credit, the NWHL governs appellants’ claims.
 
 [17]
 

 Recognizing that disallowing tip credits results in higher minimum wages, appellants’ class action should have been allowed to
 
 *34
 
 proceed under the NWHL, and thus, under state class action law, NRCP 23.
 
 [18]
 

 Appellants should have been permitted to substitute their class representative under NRCP 23
 

 Generally, as pointed out by a federal appeals court, when a class representative is unable or unwilling to continue as the class representative, the court should permit class members an opportunity “to substitute themselves as the class representative.”
 
 [19]
 
 By so doing, the court protects the interests of the class, which has a separate and distinct legal status from that of the representative.
 
 [20]
 

 Here, the district court apparently denied appellants’ motion to substitute the proposed class representative because it determined that the applicable statute of limitation barred their claims and they were unable to meet typicality and adequacy requirements of either the FLSA or NRCP 23. As with the district court’s preemption analysis, we disagree.
 

 Once the district court converted the action into an FLSA proceeding, the net effect was that the federal statute of limitations had run on any further class plaintiffs because FLSA class actions are “opt-in” and the proposed class representative had not done so. However, given our determination that Nevada law governs the substantive issues presented in the matter below, further proceedings must be had under the Nevada Rules of Civil Procedure. NRCP 23 provides an “opt-out” class action construct, under which the original filing of the complaint tolls any applicable statute of limitations.
 
 [21]
 
 Because class actions brought under NRCP 23 toll the statute of limitations on all potential unnamed plaintiffs’ claims,
 
 [22]
 
 tolling applies here and the proposed class representative’s claims against Glitter Gulch are not time-barred.
 

 With respect to a proposed representative’s qualifications to represent the class, or in determining whether substitution of a class representative is appropriate, the district court must generally eval
 
 *35
 
 uate whether, with the proposed representative, the case could be certified as a class action.
 
 [23]
 
 Under NRCP 23(a)(3) and (4), respectively, the representative must have claims or defenses typical of those of the class and be able to “fairly and adequately protect the interests of the class.”
 
 [24]
 
 As to the representative having typical claims or defenses, this court recently has stated that the district court should focus on whether the (proposed) representative’s claims arose from the same event and involve similar legal arguments:
 

 Generally, the typicality prerequisite concentrates on the defendants’ actions, not on the plaintiffs’ conduct. Thus, defenses that are unique to a representative party will rarely defeat this prerequisite, unless they ‘ ‘threaten to become the focus of the litigation.’ ’
 

 The typicality prerequisite can be satisfied, then, by showing that “each class member’s claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant’s liability.’ ’ Thus, the representatives’ claims need not be identical, and class action certification will not be prevented by mere factual variations among class members’ underlying individual claims.
 
 [25]
 

 Moreover, as regards the adequacy requirement, a class representative must be able to fairly and adequately protect class members’ interests, which the representative cannot do if he or she has a conflict of interest with those class members.
 
 [26]
 
 Generally, then, to satisfy this requirement, the class representative must have the same interest in the outcome of the litigation and have the same injury as the other class members.
 
 [27]
 

 It appears that appellants’ proposed representative is an appropriate representative under NRCP 23(a)(3) and (4) because the
 
 *36
 
 moving papers demonstrate that her asserted claims are factually and legally similar, and at a similar procedural juncture, to those of the class, as alleged in the complaint. Accordingly, the district court should have allowed her substitution as the class representative and proceeded with the case as an NWHL “opt-out” class action.
 

 CONCLUSION
 

 Because the NWHL provides a higher minimum wage than that set forth under FLSA, Nevada law applies to appellants’ claims. Under Nevada law, as set forth in this opinion, the substitution of an unavailable or unwilling class representative with a proposed class representative who meets NRCP 23(a)’s requirements should be allowed. Because appellants’ proposed substitute appears to meet these requirements, the district court should have granted the motion for substitution and proceeded with the case. Accordingly, we reverse the district court’s dismissal order and remand this matter to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 Glitter Gulch also argued below and argues here that the motion to substitute was untimely and that it was “irreparably prejudiced” thereby. We reject this argument as without merit.
 

 [2]
 

 The order appealed from does not articulate the grounds upon which the district court denied substitution and granted dismissal, other than by reference to Glitter Gulch’s moving papers. However, the district court’s decision that federal law preempted state law compelled the court’s subsequent conclusion that the case should proceed under federal rather than state class action rules. Under the federal construct, class actions are “collective,” requiring class members to join by “opting in” within the applicable statute of limitations.
 
 See
 
 29 U.S.C. § 216(b) (2000). This had the likely effect of barring the joinder of any subsequent class members because the limitation period for the FLSA claims had lapsed. Nevada class action procedures under NRCP 23, on the other hand, involve a presumption that class members are participants in the class action unless they “opt-out” following class notice. NRCP 23(c)(2). Under this formulation, filing the class action tolls any applicable limitation period. Thus, the preemption ruling further drove the conclusion that the substitute’s claims were barred under the FLSA limitations period.
 

 [3]
 

 Nanopierce Tech. v. Depository Trust,
 
 123 Nev. 362, 370, 168 P.3d 73, 79 (2007).
 

 [4]
 

 Blackjack Bonding v. City of Las Vegas Mun. Ct.,
 
 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000).
 

 [5]
 

 Id.
 

 [6]
 

 29
 
 U.S.C § 206 (2000).
 

 [7]
 

 29 U.S.C. § 203(m) (2000); NRS 608.250(1).
 

 [8]
 

 NRS 608.160(1)(b).
 

 [9]
 

 Id.
 

 [10]
 

 Davidson v. Velsicol
 
 Chemical, 108 Nev. 591, 593, 834 P.2d 931, 932 (1992) (citation omitted).
 

 [11]
 

 Nanopierce Tech. v. Depository Trust,
 
 123 Nev. 362, 370, 168 P.3d 73, 79 (2007).
 

 [12]
 

 Id.
 
 at 371, 168 P.3d at 79.
 

 [13]
 

 Id.
 

 [14]
 

 29 U.S.C. § 218(a) (2000).
 

 [15]
 

 See Anderson v. Sara Lee Corp.,
 
 508 F.3d 181, 193 (4th Cir. 2007) (citing
 
 Pettis Moving Co., Inc.
 
 v.
 
 Roberts,
 
 784 F.2d 439, 441 (2d Cir. 1986)).
 

 [16]
 

 Our analysis of the federal preemption issue, which focuses on the intent of Congress, forecloses any level of federal preemption:
 
 i.e.,
 
 there is no conflict, field, or express preemption of NHWL claims by the FLSA.
 
 See English v. General Elec. Co.,
 
 496 U.S. 72, 78-79 (1990);
 
 Nanopierce Tech.,
 
 123 Nev. at 370-75, 168 P.3d at 79-82.
 

 [17]
 

 See Armenta v. Osmose, Inc.,
 
 37 Cal. Rptr. 3d 460, 468 (Ct. App. 2005). The district court based its determination that the FLSA applied to this case on our opinion in a 1973 case,
 
 Labor Comm’r v. Mapes Hotel Corp.,
 
 89 Nev. 21, 505 P.2d 288 (1973). In that case, this court concluded that the plaintiff’s rights were controlled by the FLSA not by the NWHL because at that time NRS 608.250 expressly excluded from its purview “men” whose wages were established by the FLSA.
 
 Id.
 
 at 23, 505 P.2d at 289. Because the Legislature removed that exclusion from NRS 608.250, after
 
 Mapes,
 
 that opinion does not apply here. Accordingly,
 
 Mapes
 
 is no longer valid authority in its construction of the relationships between federal and Nevada minimum wage laws.
 

 [18]
 

 This conclusion assumes that the state base minimum wage without tip credit exceeds the base federal minimum wage with tip credit.
 

 [19]
 

 Birmingham Steel v. Tennessee Valley
 
 Authority, 353 F.3d 1331, 1339 (11th Cir. 2003).
 

 [20]
 

 Id.
 

 [21]
 

 See supra
 
 note 2.
 

 [22]
 

 See Bonilla
 
 v.
 
 Las Vegas Cigar Co.,
 
 61 F. Supp. 2d 1129, 1135 (D. Nev. 1999).
 

 [23]
 

 See Lierboe
 
 v.
 
 State Farm Mut. Auto. Ins. Co.,
 
 350 F.3d 1018, 1023 (9th Cir. 2003) (substitution not allowed).
 

 [24]
 

 NRCP 23(a)(4). Although NRCP 23 sets forth other requirements that must be met before certifying a class action, those requirements do not specifically pertain to class representatives and are not challenged here with respect to whether substitution was appropriate.
 

 [25]
 

 Shuette v. Beazer Homes Holdings Corp.,
 
 121 Nev. 837, 848-49, 124 P.3d 530, 538-39 (2005) (footnotes omitted) (quoting
 
 Gary Plastic Packaging v. Merrill Lynch,
 
 903 F.2d 176, 180 (2d Cir. 1990), and
 
 Robidoux
 
 v.
 
 Celani,
 
 987 F.2d 931, 936 (2d Cir. 1993)).
 

 [26]
 

 Id.
 
 at 849, 124 P.3d at 539.
 

 [27]
 

 Id.