# IN THE SUPREME COURT OF THE STATE OF NEVADA

SUTTER CREEK HOMEOWNERS
ASSOCIATION; AND SFR
INVESTMENTS POOLS 1, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
and
NATIONSTAR MORTGAGE, LLC,
Real Party in Interest.

No. 71377

FILED

OCT 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss in a quiet title action.[1]

Having considered the parties' arguments and the record, we conclude that our extraordinary and discretionary intervention is unwarranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). The parties' arguments in this writ petition have evolved from those that were presented to the district court such that this writ petition raises legal issues that were not first considered by the district court. Based on the parties' arguments that *were* intelligibly presented in district court and subsequently presented in this writ petition, we are not persuaded that the district court arbitrarily or capriciously

---

[1]As indicated in this court's October 14, 2016, order, we have elected to construe this petition as a petition for a writ of mandamus.

17-33535

exercised its discretion in declining to dismiss Nationstar Mortgage's entire complaint or that dismissal of the entire complaint was required pursuant to clear authority under a statute or rule. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (explaining that a writ of mandamus is available to control an arbitrary or capricious exercise of discretion); *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997) (observing that writ relief with respect to the denial of a motion to dismiss is appropriate only when dismissal is required "pursuant to clear authority under a statute or rule"); *cf. United States v. U.S. Dist. Court*, 384 F.3d 1202, 1205 (9th Cir. 2004) (declining to consider as a basis for mandamus an argument not presented to the district court because a district court's decision cannot be "so egregiously wrong as to constitute clear error where the purported error was never brought to its attention"). Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Jerry A. Wiese, District Judge
      Kim Gilbert Ebron
      Hall Jaffe & Clayton, LLP
      Zieve, Brodnax & Steele, LLP
      Wright, Finlay & Zak, LLP/Las Vegas
      Gerrard Cox & Larsen
      HOA Lawyers Group, LLC
      Eighth District Court Clerk