135 Nev., Advance Opinion 38

IN THE SUPREME COURT OF THE STATE OF NEVADA

MMAWC, LLC, D/B/A WORLD SERIES
OF FIGHTING, A NEVADA LIMITED
LIABILITY COMPANY; BRUCE
DEIFIK, AN INDIVIDUAL; AND
NANCY AND BRUCE DEIFIK FAMILY
PARTNERSHIP, LLLP, A COLORADO
LIMITED LIABILITY PARTNERSHIP,
Appellants,
vs.
ZION WOOD OBI WAN TRUST;
SHAWN WRIGHT, AS TRUSTEE OF
ZION WOOD OBI WAN TRUST; AND
WSOF GLOBAL, LLC, A WYOMING
LIMITED LIABILITY COMPANY,
Respondents.

No. 75596

**FILED**

SEP 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to dismiss and to compel arbitration. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Reversed and remanded.*

Kennedy & Couvillier, PLLC, and Maximiliano D. Couvillier III, Las Vegas, for Appellants.

Law Offices of Byron Thomas and Byron E. Thomas, Las Vegas, for Respondents.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

*OPINION*

By the Court, SILVER, J.:

The Federal Arbitration Act (FAA) protects arbitration agreements and preempts state laws that single out and disfavor arbitration. In this appeal, we determine whether the FAA preempts NRS 597.995, which requires agreements that include an arbitration provision to also include a specific authorization for the arbitration provision showing that the parties affirmatively agreed to that provision.

The parties to this appeal entered into a settlement agreement. That settlement agreement referenced a licensing agreement that included an arbitration provision. After the plaintiffs below sued to enforce the settlement agreement, the defendants moved to compel arbitration and dismiss the complaint on the basis that the settlement agreement incorporated the licensing agreement's arbitration clause. The district court denied the motion, concluding the arbitration provision was unenforceable because it did not include the specific authorization required by NRS 597.995.

We hold that the FAA preempts NRS 597.995, and accordingly, we conclude that statute does not void the arbitration clause at issue here. We further conclude that the claims in the underlying complaint are subject to arbitration, and therefore the complaint must be dismissed.

I.

MMAWC is a Nevada corporation that, at the time relevant here, was doing business as World Series of Fighting. In 2012, MMAWC and Vincent Hesser entered into a licensing agreement providing Hesser the right to use MMAWC's licensed marks outside of North America. Hesser thereafter assigned all of his rights and interest in the license to

 

World Series of Fighting Global, Ltd. (WSOF Global). WSOF Global's president was Shawn Wright, who also served as trustee of the Zion Wood Obi Wan Trust, a member of MMAWC.

MMAWC and others, including Bruce Deifik and the Nancy & Bruce Deifik Family Partnership (of which Bruce Deifik is the general partner), became embroiled in litigation with various parties and entities, including WSOF Global, Wright, and Zion Wood Obi Wan Trust. Eventually these and other parties entered into a comprehensive settlement agreement. As part of that settlement, the parties also amended the licensing agreement and MMAWC's operating agreement.

Clause 9 of the settlement agreement provided that the settlement agreement was the entire agreement between the parties "[s]ave and except the separate agreements provided in Section[ ] . . . 2" of the settlement agreement. Pertinent here, clause 2.1 of the settlement agreement stated as follows:

> The 10/15/12 Hesser License shall be reaffirmed and remain in full force and effect as of the date of this Agreement, as amended by the execution of the Amendment to Consulting and Master Licensing Agreement in the form attached hereto and incorporated herein as Exhibit B. The license is a material part of settlement on behalf of Hesser and Wright . . . .

Importantly, the amended licensing agreement referenced in clause 2.1 also included a newly added arbitration clause, which stated in part:

> MMA and Consultant agree that any dispute, controversy, claim or any other causes of action whether based on contract, tort, misrepresentation, or any other legal theory, related directly or indirectly to the Master License (as amended hereby), which cannot be amicably resolved by the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

parties. shall be resolved by binding arbitration in accordance with the provisions of this Section 18.

WSOF Global, Wright, and Zion Wood Obi Wan Trust (collectively, Zion) thereafter filed a complaint against MMAWC and other defendants including Bruce Deifik and the Deifik Family Partnership (collectively, MMAWC), claiming that MMAWC had breached the settlement agreement by breaching the licensing agreement. MMAWC moved to dismiss the complaint and compel arbitration, asserting the settlement agreement incorporated the licensing agreement and, by extension, the arbitration provision. The parties also contested whether the arbitration provision complied with NRS 597.995 and whether the FAA preempted that statute.

The district court concluded that the arbitration provision was unenforceable under NRS 597.995 because it failed to include any specific authorization, as required under that statute, and therefore denied the motion to dismiss the complaint and compel arbitration. MMAWC appeals, challenging the validity of NRS 597.995 under the FAA and the district court's refusal to enforce the arbitration provision.

II.

The threshold issue is whether the FAA preempts NRS 597.995. We review this question de novo. *See Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 124 Nev. 28, 32, 176 P.3d 271, 274 (2008). We also review questions of statutory construction de novo. *Franks v. State*, 135 Nev., Adv. Op. 1, 432 P.3d 752, 754 (2019).

The FAA provides that written provisions for arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). In

*United States Home Corp. v. Michael Ballesteros Trust*,[1] we explained that the United States Supreme Court "has made unmistakably clear that, when the FAA applies, it preempts state laws that single out and disfavor arbitration." 134 Nev. 180, 188, 415 P.3d 32, 40 (2018). Thus, where a law or rule "imposes stricter requirements on arbitration agreements than other contracts generally," it is preempted by the FAA. *Id.* at 190, 415 P.3d at 41.

In *Doctor's Associates, Inc. v. Casarotto*, for example, the United States Supreme Court held that the FAA preempted a Montana law requiring contracts subject to arbitration to include a typed notice of the arbitration provision in capital letters on the contract's first page. 517 U.S. 681, 683, 687 (1996). The Supreme Court explained that under the FAA, courts may not "invalidate arbitration agreements under state laws applicable only to arbitration provisions," as Congress has "precluded [s]tates from singling out arbitration provisions for suspect status" and requires arbitration provisions to be placed on "the same footing as other contracts." *Id.* at 687 (internal quotation marks and emphasis omitted). The Supreme Court concluded the Montana law conflicted with the FAA because Montana's law predicated "the enforceability of arbitration agreements on compliance with a special notice requirement not applicable to contracts generally." *Id.*

We conclude that NRS 597.995 similarly imposes a special requirement on arbitration provisions that is not generally applicable to

---

[1]*Ballesteros* was published after the district court reached its decision in this case, so the district court did not have the benefit of that opinion.

other contract provisions. As relevant here, NRS 597.995[2] voids an arbitration provision if the agreement containing the arbitration provision does not include "specific authorization" for the arbitration provision:

> 1. . . . [A]n agreement which includes a provision which requires a person to submit to arbitration any dispute arising between the parties to the agreement must include specific authorization for the provision which indicates that the person has affirmatively agreed to the provision.

> 2. If an agreement includes a provision which requires a person to submit to arbitration any dispute arising between the parties to the agreement and the agreement fails to include the specific authorization required pursuant to subsection 1, the provision is void and unenforceable.

Because NRS 597.995 conditions the enforceability of arbitration provisions on a special requirement not generally applicable to other contract provisions, it singles out arbitration provisions as suspect and violates the FAA. Accordingly, we hold the FAA preempts NRS 597.995.[3] The district court therefore erred by applying the statute to void the arbitration

---

[2]This statute was amended in 2019, but that amendment did not affect the statutory language at issue here. *See* A.B. 286, 80th Leg. (Nev. 2019).

[3]We have held in a prior case that an arbitration provision was unenforceable under NRS 597.995 where the parties signed at the end of the contract and did not specifically authorize the arbitration provision. *Fat Hat, LLC v. DiTerlizzi*, Docket No. 68479 (Order Affirming in Part, Reversing in Part, and Remanding, September 21, 2016). In that case, we noted that the FAA may preempt NRS 597.995, but we did not address the issue because the parties had not raised it.

provision here.[4] *See Ballesteros*, 134 Nev. at 188, 415 P.3d at 40 (holding that when it applies, the FAA preempts laws that disfavor arbitration).

This holding does not fully resolve this appeal, however, as a question remains as to whether the arbitration provision requires the parties to arbitrate the claims asserted in the complaint. Specifically, we consider whether the settlement agreement incorporated the licensing agreement and its arbitration provision.

## III.

Settlement agreements are governed by general principles of contract law. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Contract interpretation is a question of law that we review de novo where no facts are in dispute, considering the contract's language and surrounding circumstances. *Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015). We will enforce a contract as written where the language is clear and unambiguous. *State, Dep't of Transp. v. Eighth Judicial Dist. Court,* 133 Nev. 549, 554, 402 P.3d 677, 682 (2017). In interpreting a contract, we seek to discern the intent of the parties, but we will construe any ambiguity against the drafter. *Am. First Fed. Credit Union*, 131 Nev. at 739, 359 P.3d at 106. Generally the parties' intent must be "discerned from the four corners" of the contract. *MHR Capital Partners LP v. Presstek, Inc.*, 912 N.E.2d 43, 47 (N.Y. 2009). "[W]ritings which are

---

[4]We disagree with Zion's argument that the FAA does not apply here. The licensing agreement gave WSOF Global the right to use MMAWC's trade names in WSOF Global's business dealings with foreign nations, and the license therefore affects commerce. *See Ballesteros*, 134 Nev. at 186-87, 415 P.3d at 38-39 (explaining that contracts concerning transactions that involve or affect interstate commerce fall under the purview of the FAA). And, because we conclude the FAA preempts NRS 597.995, we do not address the parties' remaining arguments regarding that statute.

made a part of the contract by annexation or reference will be so construed . . . ." *Lincoln Welding Works, Inc. v. Ramirez*, 98 Nev. 342, 345, 647 P.2d 381, 383 (1982) (quoting *Orleans Hornsilver Mining Co. v. Le Champ D'Or French Gold Mining Co.*, 52 Nev. 92, 284 P. 307 (1930)).

We have carefully reviewed the settlement and licensing agreements and the parties' arguments pertaining thereto, and we conclude the claims asserted in the complaint are subject to the arbitration clause. First, the settlement agreement expressly incorporated the licensing agreement and, by extension, its arbitration clause. Clause 2.1 of the settlement agreement specifically states that the licensing agreement is "attached hereto and incorporated herein." Second, the interplay between clause 2 and clause 9 compels the requirement to arbitrate, as clause 9 specifically exempts the licensing agreement incorporated in clause 2 from the dispute provisions of the settlement agreement. This language is plain, and we must construe it as written. But even if the settlement agreement did not incorporate the licensing agreement and its arbitration provision, Zion is nonetheless bound by the arbitration provision. MMAWC maintained in its briefs and during oral argument that the claims in Zion's complaint alleged a breach of the licensing agreement, and Zion not only failed to refute this argument but also conceded at oral argument that the complaint was inartfully pleaded. Because Zion is attempting to enforce the licensing agreement, it is bound by the arbitration provision in that agreement. *See Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 634-37, 189 P.3d 656, 660-62 (2008) (explaining that a person may be bound by an arbitration provision in a contract to which he was not a party where he receives a direct benefit from or asserts a claim that seeks to enforce the contract containing the arbitration provision). Finally, the claims in the

SUPREME COURT
OF
NEVADA

(O) 1947A

8

complaint fall within the arbitration provision's scope. As described above, Zion's claims relate directly or indirectly to the license, and the arbitration provision requires arbitration of any disputes related either directly or indirectly to the license. Accordingly, the district court should have enforced the arbitration clause.

## IV.

The FAA preempts NRS 597.995 because it singles out and disfavors arbitration by requiring a specific authorization for arbitration that does not apply to any other contractual provisions. We therefore conclude that the district court erred by deeming the arbitration clause here unenforceable under NRS 597.995. Because we further conclude the arbitration clause in the licensing agreement applies to the claims alleged in the underlying complaint, we reverse and remand to the district court with instructions to grant MMAWC's motion to dismiss and enforce the arbitration clause.

_____, J.
Silver

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

